# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KAREN SEEKATZ,<br><br>           Plaintiff,<br><br> v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>           Defendant. | Case No. 3:15-cv-00017-RRB<br><br>**<u>ORDER REGARDING DEFENDANT'S MOTION TO DISMISS AT DOCKET 28</u>** |

      Before the Court at Docket 28, Defendant Metropolitan Life Insurance Company moves for dismissal of Plaintiff Karen Seekatz's First, Second, and Fourth Causes of Action. Plaintiff opposes at Docket 30 and Defendant replies at Docket 38.

## BACKGROUND

      Plaintiff alleges that in the fall of 2011, as an employee of British Petroleum, she enrolled for dependent life insurance in the amount of $250,000 for her husband, Matt Seekatz.[1] This was the maximum allowable through BP's Group Universal Life Plan (the Plan), and Plaintiff began making premium payments on November 15, 2011, which continued bi-weekly until Mr. Seekatz passed away on May 6, 2012.[2] Plaintiff submitted a claim for the $250,000 death benefit in September 2012.[3] Although Plaintiff maintains that all necessary paperwork was completed under

---

[1] Docket 30 at 4.
[2] *Id*.
[3] Docket 25.

the Plan, Defendant denied her claim based on purported failure to submit a statement of health and instead paid out the basic death benefit of $20,000 per the Plan.[4]

Plaintiff has asserted four causes of action against Defendant: breach of fiduciary duties, equitable relief under 29 U.S.C. § 1132(a)(3), breach of contract, and tortious breach of contract.

## STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted "only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations."[5] In deciding the motion, not only must a court accept all material allegations in the complaint as true, but the complaint must be construed, and all doubts resolved, in the light most favorable to the plaintiff.[6]

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[7] Additionally, although a complaint "need not contain detailed factual allegations, it must plead enough facts to state a claim of relief that is plausible on its face."[8] A court should not look to "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[9]

---

[4] Docket 28 at 2.

[5] *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

[6] *Holden v. Hagopian*, 978 F.2d 1115, 1118 (9th Cir. 1992) (citing *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987)).

[7] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (internal citations omitted).

[8] *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

[9] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

**DISCUSSION**

The Employee Retirement Income Security Act of 1974 (ERISA) establishes minimum standards and extensive rules to protect the interests of employee benefit plan participants and their beneficiaries.[10] ERISA includes civil enforcement provisions under 29 U.S.C. § 1132, which are "the exclusive vehicle for actions by ERISA-plan participants and beneficiaries asserting improper processing of a claim for benefits."[11] Under Section 1132(a)(1), a civil action can be brought by a plan participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Section 1132(a)(2) allows for a civil suit for appropriate relief on behalf of the plan for breach of fiduciary duty.[12] Of final relevance to the present case, Section 1132(a)(3) allows for a civil suit to enjoin any actions or practices in violation of ERISA or the terms of the plan or "to obtain other appropriate equitable relief to redress such violations or to enforce any provisions of [ERISA] or the terms of the plan."

**A. Preemption**

The parties do not dispute that ERISA supersedes "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan."[13] Defendant therefore argues that Plaintiff's first and fourth causes of action, breach of fiduciary duty and tortious breach of contract respectively, fall under State law claims specifically preempted by ERISA and should be dismissed. Plaintiff effectively concedes as much in her opposition, acknowledging that all

---

[10] 29 U.S.C. § 1001.
[11] *Pilot Life Ins. Co. v. Dedeauc*, 481 U.S. 41, 52 (1987).
[12] *See* 29 U.S.C. § 1109.
[13] 29 U.S.C. § 1144(a).

remedies must lie within ERISA and making no defense of the first cause of action.[14] The Court concurs that Plaintiff's Tortious Breach of Contract cause of action is clearly a State law claim, but recognizes that a breach of fiduciary duty cause of action could be raised under Section 1132(a)(2) for injuries to the Plan as a whole. However, Plaintiff has failed to assert this basis for her first cause of action in her opposition to the motion to dismiss. Even if Plaintiff had not abandoned this cause of action, the Court finds no support in Plaintiff's Amended Complaint for a breach of fiduciary duty claim under ERISA beyond her Section 1132(a)(3) claim addressed below. Accordingly, the Court dismisses Plaintiff's first and fourth causes of action for Breach of Fiduciary Duties and Tortious Breach of Contract.

### B. Section 1132 Claims

Plaintiff's remaining causes of action, breach of contract and equitable relief, align with Sections 1132(a)(1) and 1132(a)(3) respectively. As discussed above, a state law breach of contract claim would be preempted. However, Defendant does not oppose the conversion of Plaintiff's breach of contract claim into a denial of benefits claim under Section 1132(a)(1) claim and the Court agrees. Under such a conversion, Plaintiff's second cause of action is therefore undisputed in the present motion to dismiss as a claim for wrongful denial of benefits.

#### 1. Duplicative Claims

Defendant does take issue with Plaintiff's second cause of action. Defendant asserts that Sections 1132(a)(2) is a safety net or "catchall" that only allows for relief otherwise unavailable elsewhere under Sections 1132.[15] The "appropriate equitable relief" provided under Section 1132(a)(2), according to Defendant, is unavailable to Plaintiff where the relief sought is available

---

[14] Docket 30 at 1.
[15] *Wise v. Verizon Commc'ns, Inc.* 600 F.3d 1180, 1190 (9th Cir. 2010).

under Section 1132(a)(1). On this basis, Defendant moves for Plaintiff's Second Cause of Action to be dismissed as well.

Plaintiff responds that it is too early at this stage of the litigation to preclude her from pursuing her "catchall" Section 1132(a)(3) claim and she should be allowed to preserve both her Section 1132(a)(1) and 1132(a)(3) claims.[16]

The Ninth Circuit has recently recognized that under the Supreme Court's decision in *CIGNA Corp. v. Amara* a litigant is not prohibited from seeking equitable remedies under Section 1132(a)(3) if Section 1132(a)(1)(B) provides adequate relief.[17] Rather, a plaintiff is allowed to simultaneously present Section 1132(a)(1)(B) and Section 1132(a)(3) as alternative—rather than duplicative—theories of liability.[18] This comports not only with alternative forms of relief allowed under the Federal Rules of Civil Procedure, but also existing precedent that allows Plaintiff to bring multiple causes of action under Section 1132, but prohibits such claims from providing duplicative relief.[19]

Viewing this motion in the light most favorable to the Plaintiff, the Court is not prepared at this early stage of litigation to determine whether or not recovery under Section 1132(a)(1) alone would provide "appropriate adequate relief" for Plaintiff. In other words, it is too early to tell if Plaintiff's Section 1132(a)(3) claim is effectively a repackaged Section 1132(a)(1) claim or if the relief available is truly duplicative. Accordingly, Defendant's Motion to Dismiss Plaintiff's Second Cause of Action is DENIED.

---

[16] Docket 30 at 3.

[17] *Moyle v. Liberty Mut. Ret. Ben. Plan*, 823 F.3d 948, 961 (9th Cir. 2016), as amended on denial of reh'g and reh'g en banc (Aug. 18, 2016); 563 U.S. 421 (2011).

[18] *Id*.

[19] Fed.R.Civ.P. 8(a)(3); *Wise*, 600 F.3d at 1190.

## 2. Surcharge

Defendant argues that Plaintiff is precluded from recovering extra-contractual, compensatory, and/or punitive damages under ERISA, as Plaintiff is limited to recovery of benefits under the Plan.[20] Defendant also notes that Plaintiff's use of the term "exemplary" damages in the Amended Complaint is synonymous with "punitive" damages.[21]

Plaintiff relies on *Amara* to argue that "equitable relief" under Section 1132(a)(3) of ERISA includes monetary relief in the form of an "equitable surcharge" to compensate plaintiffs for financial losses cause by reliance on omissions or nondisclosures by a fiduciary.[22] Plaintiff asserts that while traditional punitive damages are not historically available under ERISA, a surcharge theory does allow for the pursuit of consequential damages, exemplary, and/or punitive damages because she has alleged malice and fraud.[23]

Because Plaintiff is allowed to maintain both Section 1132 claims as discussed above, the Court need not reach the issue of Plaintiff's surcharge theory or the types of damages that may be awarded at this stage. The Court does note that surcharge in the context of Section 1132 is intended as "make-whole relief" and the remedial goal of ERISA is not to put a plaintiff in a better position than they would be but for the defendant's wrongdoing.[24]

---

[20] Docket 28 at 7.
[21] *Id*.
[22] 563 U.S. at 421.
[23] Docket 30 at 12; *see D'Iorio v. Winebow, Inc*. 68 F. Sup. 3d 334 (E.D.N.Y. 2014); *McCravy v. Metro Life Ins. Co*., 690 F.3d 176, 181 (4th Cir. 2012).
[24] Amara, 563 U.S. at 441-42; Rochow v. Life Ins. Co. of N. Am., 780 F.3d 364, 376 (6th Cir. 2014).

## CONCLUSION

For the reasons set forth above, the Court hereby GRANTS Defendant's motion to dismiss Plaintiff's First and Fourth Causes of Action, and DENIES Defendant's motion to dismiss Plaintiff's Second Cause of Action at Docket 28. Plaintiff's motion for hearing at Docket 39 is therefore DENIED as moot and the hearing scheduled for October 19, 2016, is hereby VACATED.

**IT IS SO ORDERED** this 26th day of September, 2016.

S/ RALPH R. BEISTLINE
U.S. DISTRICT COURT JUDGE
